IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Criminal Action No. 04-CR-00190-WDM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

THOMAS GALLAGHER

     Defendant.

---

**ORDER**

---

     This matter is before me on a motion for sentence reduction filed by defendant

on May 1, 2006.  The motion is denied for the reasons summarized in the letter from

United States Probation Officer Elizabeth K. Oppenheimer attached hereto.

     DATED at Denver, Colorado, on May 22, 2006.

                    BY THE COURT:

                    s/ Walker D. Miller
                    United States District Judge

PDF FINAL



# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO
## PROBATION OFFICE

FREDERICK G. BACH
Chief U.S. Probation Officer

Byron G. Rogers U.S. Courthouse
1929 Stout Street, Suite C-120
Denver, CO 80294-0101
Phone: (303) 844-5424

212 North Wahsatch Avenue, Suite 300
Colorado Springs, CO 80903-3476
Phone: (719) 471-3387

RESPOND TO: Denver

ROSA A. MIRAFLOR
Deputy Chief U.S. Probation Officer

P.O. Box 3508
Grand Junction, CO 81502-3508
Phone: (970) 245-5396

103 Sheppard Drive, Suite 202
Durango, CO 81303-3439
Phone: (970) 385-9564

**May 16, 2006**

The Honorable Walker D. Miller
United States District Judge
United States District Court
901 19th Street
Denver, Colorado 80294

Re:   United States v. **THOMAS BRUCE GALLAGHER**
Case No. 04-cr-00190-WDM

Dear Judge Miller,

Per your memorandum dated May 1, 2006, and per clarification I received from your chambers on May 16, 2006, this is to respond to defendant Gallagher's filings dated April 6, 2006 (filed April 13, 2006), and April 21, 2006 (filed May 1, 2006).

The first issue the defendant raises regards the judgment and commitment order in relation to the fine imposed. The defendant believes that the court ordered at sentencing that payment of the $4,000 fine be deferred until his release from imprisonment. The probation officer has obtained and reviewed a "real time" copy of the court transcript from the sentencing hearing on September 21, 2005. According to the transcript, the court ordered that the fine would be due and owing during the term of incarceration with any unpaid balance upon release to be paid in monthly installments of at least $200. However, this language appears to have been inadvertently ommitted from the judgment, and the judgment is silent as to the fine payment schedule. **The probation officer recommends that, at the direction of the court, the probation office prepare an amended judgment to reflect the payment schedule ordered by the court at the sentencing hearing.**

The second issue the defendant raises regards the court's order for designation to a "camp" facility. As reflected in the judgment, the court recommended that the Bureau of Prisons designate the defendant to a camp facility in Colorado with a Residential Drug Abuse Program (RDAP) for service of sentence. However, as the court is aware, the recommendation that the court made regarding the defendant's designation to a camp was a recommendation only. The BOP is not bound by the recommendations of the court regarding designations, and the BOP

United States v. **THOMAS BRUCE GALLAGHER**
Case No. 04-cr-00190-WDM
May 16, 2006
Page 2

frequently does not follow the court's designation recommendations. As the court is aware, the BOP designates and imprisons federal prisoners pursuant to 18 U.S.C. § 3621. The BOP's designations are based on space availability as well as a defendant's security scoring. Further, the BOP has the sole discretion in determining how a defendant's security level is scored.

The probation officer has reviewed a letter to the court dated October 11, 2005, from Michael K. Nalley, Regional Director of the BOP's North Central Regional Office regarding the defendant's designation. Mr. Nalley acknowledges the court's recommendation regarding the defendant's designation but states "In the case of Mr. Gallagher, I am unable to follow your recommendation due to security concerns. He requires more controls than can be afforded by the minimum security Colorado facility due to his unresolved charge for domestic violence and prior convictions for criminal mischief and public ordinance. He has been assigned to the medium security Federal Correctional Institution in Florence, Colorado, which meets his security needs, as well as the population management needs of the Bureau of Prisons."

The third issue the defendant raises is in the form of a pro se motion regarding sentence reduction or modification. The defendant again discusses his designation to a medium security facility, which he believes was an error on the part of BOP, and discusses that this designation has resulted in "...harsher confinement than was originally intended." The defendant requests that the court "...either allow for my time served to fulfill [sic] my commitment [sic]. Or allow for a modification stipulating house arrest or confinement for the remainder of my committment [sic]." The probation officer has addressed the issue of the defendant's designation above. In regard to the defendant's motion regarding reconsideration of sentence, it does not appear that the defendant has cited any authority under which the court could reconsider or modify his sentence. The defendant was advised by the court at the time of sentencing of his right to appeal the sentence, as the probation officer verified by the court transcript. The defendant was advised that a notice of appeal must be filed with the clerk of the court within 10 days after the entry of judgment or his right to appeal would be lost. The judgment was entered in the defendant's case on September 27, 2005, and thus it appears that the time period for him to appeal his sentence has passed. If the defendant has additional questions about his right to appeal, the probation officer recommends that he contact his counsel of record, Paul Grant.

I hope that this response assists the court. Our office will await direction from the court as to preparation of an amended judgment to rectify the language regarding the fine payment schedule.

Respectfully submitted,

Elizabeth K. Oppenheimer
Probation Officer

EKO/eko

Approved:

Suzanne Wall Juarez
Supervising Probation Officer